# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARLTON HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:18-cv-2390 (ABJ) |
| ) | |
| DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## **DEFENDANT DISTRICT OF COLUMBIA'S MOTION FOR PARTIAL DISMISSAL**

Defendant the District of Columbia, by and through its undersigned counsel, hereby moves the Court pursuant to Fed. R. Civ. P. 12(b)(6) for partial dismissal of the Amended Complaint for failure to state a claim upon which relief can be granted. Specifically, the District seeks dismissal of Plaintiff Carlton Harris's claims brought pursuant to 42 U.S.C. § 1983. The District explains the reasons for this request in the attached memorandum of points and authorities. A proposed order is also attached.

DATED: April 1, 2019

Respectfully submitted

KARL A. RACINE
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Michael K. Addo*
MICHAEL K. ADDO [1008971]
Chief, Civil Litigation Division Section IV

*/s/ Philip A. Medley*
PHILIP A. MEDLEY [1010307]
BENJAMIN BRYANT [1047632]
Assistant Attorneys General
441 Fourth Street, N.W., Suite 630 South

Washington, D.C. 20001
(202) 724-6626
(202) 741-5920 (fax)
philip.medley@dc.gov

Attorneys for the District

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CARLTON HARRIS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA, )<br>)<br>Defendant. )<br>_____ ) | Case No. 1:18-cv-2390 (ABJ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DISTRICT OF COLUMBIA'S MOTION FOR PARTIAL DISMISSAL**

Plaintiff Carlton Harris fails to plead a valid claim for municipal liability in violation of 42 U.S.C. § 1983 against Defendant the District of Columbia, and therefore, those claims should be dismissed.

**THE ALLEGATIONS OF THE AMENDED COMPLAINT**

Plaintiff alleges that on March 29, 2017, he was committed to the D.C. Jail by deputies of the United States Marshal Service pursuant to an outstanding warrant issued for failure to appear in federal court in Maryland. Am. Compl. at ¶ 15 [ECF No. 8]. Plaintiff claims that the District of Columbia Department of Corrections ("DOC") improperly detained him until June 15, 2017. *Id.* at ¶ 16 [8].

Plaintiff asserts the following separately enumerated claims:

(1) "Claim 1: § 1983 Liability of District of Columbia for Overdetentions" *Id.* at ¶¶ 121-126 [8];

(2) "Claim 2: § 1983 Liability of District of Columbia for failing to provide Mr. Harris with a release hearing" *Id.* at ¶¶ 127-133 [8]; and

(3) Claim 3: "Common Law Liability of District of Columbia for False Imprisonment"

*Id*. at ¶¶ 134-141 [8].

## LEGAL STANDARD

To survive a motion to dismiss, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly,* 550 U.S. 554, 555 (2007).  The Supreme Court has set forth a "two-pronged approach" that a trial court should utilize when ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While a trial court generally must consider a plaintiff's factual allegations as true, the court should first "identify pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*  Thus, the basic pleading standards "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*  (citing *Twombly*, 550 U.S. at 555).

Once the court has determined that the plaintiff has asserted "well-pleaded factual allegations," it "should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*  The Court defined "plausible" as follows:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.; See also Atherton v. District of Columbia*, 567 F.3d 672, 681 (D.C. Cir. 2009) (quoting passage with approval).  In other words, a plaintiff's factual allegations must allow a court to

draw a reasonable inference that the defendant is liable for the misconduct alleged, if the factual allegations are proven true. *See Matrixx Industries, Inc. v. Siracusano*, 563 U.AS. 27, 45-46 (2011).

## ARGUMENT

Plaintiff filed the present Amended Complaint in response to the District's January 2, 2019 Motion for Partial Dismissal. The Amended Complaint does not raise any new causes of action—Plaintiff is still claiming that (1) the District breached his rights under the Fifth Amendment in violation of § 1983 by over-detaining him and by failing to provide him with a release hearing, and (2) the District was deliberately indifferent to his rights. Instead, the Amended Complaint appears to add about 75 paragraphs of factual allegations about the process surrounding the release of inmates from the D.C. Jail. Despite these additional factual allegations, Plaintiff has once again failed to state a claim for municipal liability.

A "municipality can be liable under § 1983 only where the municipality *itself* causes the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (emphasis in original). Like all municipalities, however, the District cannot be held liable on a theory of *respondeat superior*. *Singletary v. District of Columbia*, 766 F.3d 66, 72 (D.C. Cir. 2014) (citing *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978)). "Instead, it is only 'when execution of a government's policy or custom inflicts the injury that the government as an entity is responsible under § 1983.'" *Id.* (quoting *Monell*, 436 U.S. at 694). "In considering whether a plaintiff has stated a claim for municipal liability, the district court must conduct a two-step inquiry." *Lesesne v. Doe*, 65 F. Supp. 3d 1, 5 (D.D.C. 2014) (quoting *Baker v. District of Columbia*, 326 F.3d 1302, 1306 (D.C. Cir. 2003)) (quotations and brackets omitted). A plaintiff must allege (1) a predicate constitutional violation and (2) "that a custom or policy of the

municipality caused the violation." *Baker*, 326 F.3d at 1306.  Critically, a plaintiff must allege an "affirmative link," such that the custom or policy was the "moving force" behind the constitutional violation.  *Young v. District of Columbia*, 107 F. Supp. 3d 69, 81 (D.D.C. 2015).

A municipality's policy or custom can be the cause of an injury if (1) "the municipality or one of its policymakers explicitly adopt[s] the policy that was the moving force of the constitutional violation"; (2) a policymaker knowingly ignores an unconstitutional practice consistently enough to constitute custom; or, (3) the municipality fails to respond "to a need in such a manner as to show deliberate indifference to the risk that not addressing the need will result in constitutional violations."  *Warren v. District of Columbia*, 353 F.3d 36, 39 (D.C. Cir. 2004) (internal citations and quotation marks omitted).

A plaintiff "cannot rely upon scattershot accusations of unrelated constitutional violations to prove either that a municipality was indifferent to the risk of her specific injury or that it was the moving force behind her deprivation."  *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999).  Rather, "municipal liability will attach only for those policies or customs having a *specific* deficiency or deficiencies . . . such as to make the *specific* violation almost bound to happen, sooner or later, rather than merely likely to happen in the long run."  *Id.* (quoting *Spell v. McDaniel,* 824 F.2d 1380, 1390 (4th Cir. 1987)) (internal quotation marks and citations omitted) (emphasis added).

In his Amended Complaint, Plaintiff fails to properly plead that a District custom or policy caused a violation of his rights under the Fifth Amendment.  Plaintiff appears to be claiming that the entire release system that the DOC utilizes violates the constitution.  But while Plaintiff discusses at length what he views as the inadequacies of that release system, the fallacy in his claim is that he appears to concede that over-detentions result merely from human error in

the operation of that release system.  In other words, Plaintiff appears to be alleging that his over-detention was the result of an oversight by either the D.C. Jail staff or the United States Marshal Service, rather than alleging that his over-detention was the result of an unconstitutional custom or policy being adhered to.  Plaintiff fails to plead any factual allegations establishing that such a policy or practice is bound to result in a violation of constitutional rights.

Plaintiff refers to "The Moss Report," which was filed by the DOC in a criminal matter pending in the District Court.  *See United States v. Harris*, Case No. 1:18-cr-00028 (EGS)[1].  To the extent that it would even be appropriate for this Court to take judicial notice of the document cited by Plaintiff, this Report does not conclude that the DOC's release system is unconstitutional.  Moreover, even if it had reached such a conclusion, the Moss Report appears to have been completed in October 2018, meaning Plaintiff cannot use it as a basis for claiming that DOC was on notice of any systemic inadequacies in its release system at the time of Plaintiff's alleged over-detention in early 2017.

Plaintiff has failed to properly plead a claim of municipal liability against the District.  In fact, he has at most, alleged a single violation of his own constitutional rights.  *See Blakeney v. O'Donnell*, 117 F. Supp. 3d 6, 12 (D.D.C. 2015) (holding that a plaintiff who only alleged that "his constitutional rights were violated during a single incident" without including proof that it was caused by an existing, unconstitutional policy failed to plead a claim of municipal liability); *Sanders v. District of Columbia*, 522 F.Supp.2d 83, 88 (D.D.C. 2007) ("Proof of a single incident of unconstitutional activity is insufficient to impose liability [under Section 1983] unless there was proof that there was a policy in place that was unconstitutional.")  Because Plaintiff has

---

[1] The "Harris" defendant in Case No. 1:18-cr-00028 (EGS) is Jarrell Harris, not Plaintiff.

failed to establish that an unconstitutional DOC policy was the moving force behind his alleged over-detention, the Court should dismiss Plaintiff's § 1983 claims.

## **CONCLUSION**

For all the reasons stated above, the District requests that the Court dismiss Claims 1 and 2 of Plaintiff's Amended Complaint.

DATED:  April 1, 2019

Respectfully submitted

KARL A. RACINE
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Michael K. Addo*
MICHAEL K. ADDO [1008971]
Chief, Civil Litigation Division Section IV

*/s/ Philip A. Medley*
PHILIP A. MEDLEY [1010307]
BENJAMIN BRYANT [1047632]
Assistant Attorneys General
441 Fourth Street, N.W., Suite 630 South
Washington, D.C. 20001
(202) 724-6626
(202) 741-5920 (fax)
philip.medley@dc.gov

Attorneys for the District

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARLTON HARRIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:18-cv-2390 (ABJ) |
| DISTRICT OF COLUMBIA, | ) ) ) |
| Defendant. | ) ) ) |

## ORDER

Upon consideration of the Defendant District of Columbia's Motion for Partial Dismissal, any opposition thereto, and the record herein, it is this _____ day of _____ 2019 hereby,

**ORDERED** that Defendant's Motion is **GRANTED**; and it is further

**ORDERED** that Claims 1 and 2 of the Amended Complaint are **DISMISSED.**

**SO ORDERED.**

 

HON. AMY BERMAN JACKSON
United States District Court

Copies to:

William Claiborne, Esq.
Michael Addo, Esq.
Philip Medley, Esq.
Benjamin Bryant, Esq.

1