**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **CARLTON HARRIS,** | |
| Plaintiff, | |
| | **Civil Action No.:  18-2390 (ABJ)** |
| v. | |
| **GOVERNMENT OF THE DISTRICT OF COLUMBIA,** | |
| Defendant. | |

**JOINT MEET AND CONFER REPORT**

Plaintiff Carlton Harris and defendant District of Columbia (the District) (collectively, the Parties) submit this Joint Meet and Confer Report. *See* Fed. R. Civ. P. 26(f); LCvR 16.3(d); July 3, 2019 Minute Order. A proposed scheduling order is attached.

1.      Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.

There is no dispositive motion pending. However, the Parties believe that liability issues are likely to be resolved on motions for summary judgment.

2.      The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.

The parties propose no deadline be set.

3.      Whether the case should be assigned to a magistrate judge for all purposes, including trial.

The Parties do not believe that the case should be assigned to a magistrate judge.

4.      Whether there is a realistic possibility of settling the case.

**Plaintiff's position**

Plaintiff proposed 2 settlement offers to the District, before and after filing, and they were rejected. Plaintiffs are always interested in settling cases early to avoid racking up fees under § 1988 and other costs of litigation.

**Defendant's Position**

The District rejected Plaintiff's settlement offer.  The District is not in a position to make a counteroffer, but the District is not opposed to discussing settlement at a later date.

5.      Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.

**Plaintiff's  Position**

Plaintiff Mr. Harris and plaintiffs' counsel both believe this case would benefit from ADR at this stage of the litigation to avoid racking up fees under § 1988 and other costs of litigation.

**Defendant's Position**

The District does not believe this case would benefit from ADR at this stage of the litigation.  As discovery proceeds, the District believes that informal settlement negotiations will be sufficient to entertain a possible resolution of the case before trial but are not opposed to considering formal mediation after discovery closes.

6.      Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

The Parties believe liability issues can be resolved by summary judgment, but request that the Court set a briefing schedule on dispositive motions after the close of all discovery.

7.      Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures.

The Parties propose exchanging Fed. R. Civ. P. 26(a)(1) initial disclosures within 30 days after the issuance of the Scheduling Order.

8.     The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

**Plaintiff's position**

Mr. Harris will need depositions of **District employees and also some depositions of U.S. Marshals Service employees.**

Mr. Harris also wants to obtain data from the DOC's inmate management database to get a list of releases during the discovery period. One reason is to get a reliable sample of releases. then Mr. Hill can obtain the inmate "jackets" (institutional folders) and manually review them. This is to ascertain the number of over-detentions and early releases to prove deliberate indifference without having to rely on over-detentions and early release the Records Office self-reported numbers.

Barnes v. District of Columbia, 793 F. Supp. 2d 260, 269-70 (D.D.C. 2011)(discussing sampling by plaintiffs). The Records Office self-reporting is demonstrably unreliable.

Before obtaining all copies of all jackets needed for a statistically reliable sample Plaintiffs wants to get some "slices" or samples of the statistically reliable sample to do a "sniff test" of over-detentions and early releases to test both the cost and the yield.

See S.E.C. v. Collins & Aikman Corp., 256 F.R.D. 403, 418 (S.D.N.Y. 2009) (Scheindlin, D.J.) ("The concept of sampling to test both the cost and the yield is now part of the mainstream approach to electronic discovery."); Vaigasi v. Solow Mgmt. Corp., 2016 U.S. Dist. LEXIS 18460 * (S.D.N.Y. Feb. 16, 2016).

**Defendant's Position on the Scope and Limits of Discovery**

The District generally objects to the broad scope of discovery as described by Plaintiff above.  However, the District reserves the right to make more specific objections once it receives discovery requests from Plaintiff.

**Joint Position Regarding Witness and Document Discovery and Proposed Discovery Schedule**

The Parties propose that discovery as to witnesses and documents be subject to the limitations set forth in Rules 26, 30, 33, 34, and 36 of the Federal Rules of Civil Procedure. The Parties propose the following schedule for discovery. But, Plaintiffs will have to depose some people from the USMS and that process may slow down discovery.

| Event | Deadline |
|---|---|
| Fact discovery completion | March 28, 2020 |
| Plaintiff's expert witness designations and disclosures | June 13, 2020 |
| Defendant's rebuttal expert witness designations and disclosures | July 13, 2020 |
| Expert discovery completion | September 12, 2020 |

The Parties believe that a protective order will be necessary to protect the confidential information that plaintiff will likely seek to discover from the District of Columbia Department of Corrections and to protect Plaintiffs' personal information.

Per Rule 26(c) the movant has to articulate good cause for a Protective Order to prevent "disclosure" and a separate showing of good cause to prevent "use" in another case. EEOC v. Nat'l Children's Ctr., 98 F.3d 1406, 1411 (1996) (district court failed to make required showing of "good cause" when its protective order contained no discussion of why use of unfiled deposition was required to be restricted). Plaintiffs have asked defendant for the category of

documents the District wants subject to non-disclosure and the basis of the District's "good cause" so Plaintiffs can draft a proposed protective order.

       9.      Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.

Plaintiff's position is that electronically stored information (ESI) should be provided in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms as specified by Plaintiff's discovery expert.

Plaintiffs' counsel has explained to the District that Plaintiff will need a production of records from specified fields in the DOC's inmate management database ("JACCS") and a "sample" (as determined by a statistician) of "jackets" (a "jacket is the paper copy of an inmate's records including commitment and release paperwork) which the District uses to make release and commitment decisions. Before requesting a "sample" (as determined by a statistician) of jackets Plaintiff will request one or more "samples" as that term is used in Fed. R. Civ. P. 26(a)(1) of a "slice" or part of the jackets identified as the "sample" by the statistician to determine whether to analyze the entire sample.

Plaintiff has Monell claims on the over-detention issue and proving up this claim will require proving a pattern or custom of over-detentions going back at least three years. This issue was the subject of a bench trial in this Court in Smith v. District of Columbia. 1:15-cv-00161-ABJ beginning /25/2019.

Plaintiffs' counsel represents the plaintiffs in the three over detention cases listed below with the same Monell issue:

      1:18-cv-02390-ABJ Harris v. Government of The District Of Columbia medley

      1:19-cv-00453-KBJ Plummer v. District of Columbia et al / Bryaant

      1:19-cv-01649-RDM Perrow v. District of Columbia.

Plaintiffs' counsel plans to file a motion to consolidate the cases for discovery in front of any of the three judges who have been assigned one of the case.

**Defendant's Position**

The District objects to the scope of plaintiff's discovery as overbroad.  Nevertheless, unless otherwise stated, the District believes that each request made under Rule 34 of the Federal Rules of Civil Procedure should be presumed to include a request for responsive ESI.  The District believes such requests shall be reasonably limited in time and that the Parties should confer upon the form or forms in which ESI should be produced.  The Parties agree to preserve all discoverable information.

10. Any issues about claims of privilege or of protection as trial-preparation materials, including- if the parties agree on a procedure to assert these claims after production- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.

The Parties are presently unaware of any issues regarding privilege. The Parties may negotiate in good faith an agreement regarding the assertion of privileges, the manner in which the Parties intend to address disputes regarding privilege, and issues related to waiver, whether intentional or not, including inadvertent disclosures and for "claw back" or "quick peek" terms, as contemplated by Federal Rule of Evidence 502.

11. Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2), should be modified, and whether and when depositions of experts should occur.

The Parties' proposed schedule for expert discovery is set forth in Paragraph 8 above.

12. In class actions, appropriate procedures for dealing with Rule 23, Fed. R. Civ. P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

This is not a class action.

13.     Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

The parties do not believe that this case should be bifurcated.

14.     The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

The pretrial conference should be scheduled for a date approximately 60 days after the decision on any summary judgment motions on liability, if necessary.

15.     Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

A trial date should be set at the pretrial conference for 30 to 60 days after that conference.

16.     Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

None.

October 22, 2019                                  Respectfully submitted,

/s/ William Claiborne                             KARL A. RACINE
WILLIAM CLAIBORNE (446579)                        Attorney General for the District of Columbia
ClaiborneLaw
717 D Street, N.W.                                CHAD COPELAND
Suite 300                                         Deputy Attorney General
Washington, D.C. 20004                            Civil Litigation Division
(202) 824-0700
claibornelaw@gmail.com                            /s/ Michael K. Addo
                                                  MICHAEL K. ADDO [1008971]
*Counsel for Plaintiff*                           Chief, Civil Litigation Division Section IV

                                                  /s/ Philip A. Medley
                                                  PHILIP A. MEDLEY [1010307]
                                                  BENJAMIN BRYANT [1047632]
                                                  Assistant Attorneys General
                                                  441 Fourth Street, N.W., Suite 630 South
                                                  Washington, D.C. 20001
                                                  (202) 724-6626
                                                  (202) 741-5920 (fax)
                                                  philip.medley@dc.gov

                                                  Attorneys for the District

*Counsel for Defendant*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **CARLTON HARRIS,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 18-2390 (ABJ)** |
| **DISTRICT OF COLUMBIA,** | |
| **Defendant.** | |

## <u>ORDER</u>

Upon consideration of the Parties' Joint Meet and Confer Report, it is this _____ day of

_____, 2019,

**ORDERED** that the Parties shall adhere to the following schedule:

(a)    Initial disclosures shall be due within 30 days of the date of this Order.

(b)    Fact discovery shall be completed by **March 28, 2020**.

(c)    Plaintiff's expert witness designation and disclosures shall be made by **June 13, 2020**.

(d)    Defendant's rebuttal expert witness designation and disclosures shall be made by **July 13, 2020**.

(e)    Expert discovery shall be completed by **September 12, 2020**.

**SO ORDERED**.

_____
THE HONORABLE AMY BERMAN JACKSON
Judge, United States District Court
       for the District of Columbia