## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CARLTON HARRIS,

      *Plaintiff,*

v.

DISTRICT OF COLUMBIA,

      *Defendant.*

Civil Action No. 1:18-cv-2390-ABJ

## PROTECTIVE ORDER

Under Fed. R. Civ. P. 26(c) and it appearing that discovery is likely to involve the

disclosure of Confidential Information, IT IS STIPULATED AND ORDERED that:

**I.**    **Confidential Information**

    A.    <u>Information Subject To This Protective Order:</u> The following categories of

information produced by a party may be designated as CONFIDENTIAL under this

Protective Order:

        i.    personal information, including, but not limited to, an individual's home address, telephone number, date of birth, social security number, all personal information that pertains to the financial affairs and health (physical or mental) of the plaintiffs, and/or any other personal information unique to such individual;

        ii.    non-public information contained in an employee or former employee's personnel file, disciplinary file and/or adverse action file;

        iii.    non-public information concerning the safety and security of the D.C. Jail and its present and former inmates;

        iv.    information protected by or specifically prohibited from release by statute or regulation;

    B.    As set forth below, information and things that are stamped

"CONFIDENTIAL" and meet the definition of material that falls within the definition of

Section IA shall not be disclosed by any party for any purpose other than discovery, trial, and any appeals in this action and the following cases:  *Austin Plummer v. District of Columbia, et al.*, 19-cv-453 (KBJ), *Don Perrow v. District of Columbia,* 19-1649 (RDM), and *Khiry Malik v. District of Columbia*, 19-cv-3454 (CRC) (collectively, the "Other Cases").

      i.    Plaintiff's counsel must obtain a release from Plaintiff in order to use in the Other Cases information and things that are stamped "CONFIDENTIAL" and contain personal information about Plaintiff.

      ii.    The parties' agreement that information and things that are stamped "CONFIDENTIAL" may be used in the Other Cases does not constitute (a) an admission that such information and things are actually relevant to the Other Cases, or (b) a waiver of any evidentiary objections as to the use such information and things in the Other Cases.

    C.    Notwithstanding the foregoing, to the extent that any database material is utilized by parties or experts retained by the parties to prepare opinions or statistical analyses, summaries, or compilations that do not disclose any personally-identifiable confidential information regarding individuals, said opinions, statistical analyses, summaries, or compilations will not be deemed CONFIDENTIAL and may be included as part of the public record in this case and the Other Cases.

## II.    <u>Timing and Classification of Confidential Information</u>

    A.    <u>Marking of Documents of Things</u>

      i.    Any party wishing to designate information as CONFIDENTIAL INFORMATION shall at the time of production stamp or otherwise mark the produced document or other thing with the word(s) "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION."

ii.      If a party produces data from a database ("Exported Data"), it may designate data within a field or fields of the Exported Data as CONFIDENTIAL, if the data in the field satisfies the definition set forth in Section I.A.  Such CONFIDENTIAL data will fall within the terms of this Order. Any compilation or subset of the Exported Data that contains data from fields marked as CONFIDENTIAL can only be disclosed as specified in this Order. Any document containing Exported Data designated as CONFIDENTIAL shall be treated as CONFIDENTIAL.

iii.      Any party wishing to designate information provided by another party or a non-party as CONFIDENTIAL shall submit to the other parties, within twenty business days following production or disclosure, a written designation of the documents or things containing such information. During the twenty business days following production by a party, or non-party, all such documents and things shall be deemed to contain and/or constitute CONFIDENTIAL INFORMATION.

iv.      The parties shall make a good-faith effort to designate CONFIDENTIAL INFORMATION properly and with the appropriate classification at the time of production. However, inadvertent or unintentional disclosure by any party of CONFIDENTIAL INFORMATION without any, or the appropriate, classification regardless of whether the CONFIDENTIAL INFORMATION was designated at the time of

disclosure, shall not be deemed a waiver of a party's claim of confidentiality, either as to a specific document or information, and the parties shall, upon notice, treat such CONFIDENTIAL INFORMATION according to the correct designation and classification. A receiving party shall make a good faith effort to locate and mark appropriately any CONFIDENTIAL INFORMATION upon receipt of such notice.

III.   **Handling of Confidential Information**

A.   CONFIDENTIAL INFORMATION will be treated during this action, including appeal, as follows:

All CONFIDENTIAL INFORMATION shall be treated as proprietary, and shall be disclosed or provided only to: (1) counsel who are attorneys of record (including such counsel's partners, shareholders, associates, associated counsel, paralegal, interns, secretarial, technical and clerical personnel); (2) experts employed by such counsel for consultation or to render expert reports under Fed. R. Civ. P. 26(a)(2) (and the secretarial and clerical personnel of such experts); (3) technical consultants or vendors and all related staff retained to handle discovery including but not limited to electronic discovery; and (4) court personnel, certified court reporters and the parties' respective copy vendors and other litigation support vendors. Any information designated "CONFIDENTIAL" by the producing party shall be treated as proprietary, and shall not be used or disclosed by any receiving party for any purpose, other than as specified during discovery, trial, and/or any appeal in this action and the Other Cases.

B.   <u>Information</u>

All persons (other than court personnel and the persons identified in Section III.A above) authorized to have access to CONFIDENTIAL INFORMATION under this Protective Order shall sign a statement acknowledging their agreement to the terms of this Protective Order in the form of Exhibit A.

**IV.** **Challenges to Confidentiality Designations**

A.    If any party disagrees at any stage with the designation of any information as CONFIDENTIAL, the parties shall first try to resolve the dispute in good faith informally. Any receiving party may request that the producing or designating party withdraw the CONFIDENTIAL designation regarding any information. Any such request shall be made in writing, served on counsel for the producing or designating party, and shall identify: (a) the CONFIDENTIAL INFORMATION that the receiving party contends is improperly designated; and (b) the basis for the receiving party's objection(s) to the designation.

B.    If the parties cannot resolve their dispute informally, the receiving party may object to the designation by motion before the Court. The burden of proving the confidentiality of the designated information shall be borne by the party that produced the information and/or designated it CONFIDENTIAL. If a motion is filed, the initial CONFIDENTIAL designation shall remain in place until the Court rules on such motion and thereafter shall be governed by the Court's ruling. If the parties cannot resolve their dispute informally, and a party elects to file no motion with the Court, the initial CONFIDENTIAL designation shall remain in place.

C.    The acceptance by any party of any information designated CONFIDENTIAL shall not constitute evidence, an admission or concession that the information is confidential or proprietary.

V.      **Confidential Information at Depositions**

A.      Other than Court personnel and Court reporters, only the parties, counsel of record for the parties, the witness (including his or her attorney), and experts who have signed the Exhibit A agreement may be present at any examination concerning CONFIDENTIAL INFORMATION of another party or a third party.

B.      A party may designate as CONFIDENTIAL any information, testimony or exhibit disclosed or obtained during a deposition that meets the definition of Section I.A by indicating on the record during the deposition that such is CONFIDENTIAL and subject to this Protective Order. Whenever any information designated as CONFIDENTIAL that meets the definition of Section I.A is marked as an exhibit during a deposition, the exhibit shall be separately bound and placed in a sealed envelope bearing the CONFIDENTIAL designation, unless the parties stipulate otherwise in writing prior to the deposition or at the deposition on the record. Any party who objects to any CONFIDENTIAL designation made at or during a deposition must note the objection on the record. The CONFIDENTIAL designation of material that meets the definition of Section I.A shall remain in place, and the objecting party shall be barred from publicly disclosing the information, testimony, transcript or exhibit designated as CONFIDENTIAL without the prior approval of the Court or the withdrawal of the designation by the designating party.

C.      All deposition transcripts shall be treated as CONFIDENTIAL INFORMATION subject to the Protective Order for twenty days after receipt of each of the transcripts. Notwithstanding the passage of twenty business days, if opposing counsel has not disseminated information subject to this Protective Order, the right to so designate shall remain, subject to challenge. If such a challenge is made, the party

allowing the twenty business days to pass shall have to show that the information has not become part of the public domain.

D.     Deposition transcripts, testimony or exhibits designated as CONFIDENTIAL shall only be disclosed to the named parties, their counsel of record, their experts who have signed the Exhibit A agreement, the Court and its personnel, and the court reporter. No third party shall be allowed access to any deposition transcript, testimony or exhibit designated as CONFIDENTIAL unless he or she first executes the declaration attached as Exhibit A, acknowledging and agreeing to be bound by the terms of this Protective Order.

**VI.    Confidential Information in Court Filings**

A.     Information designated as "CONFIDENTIAL" under this Protective Order that meets the definition of Section I.A does not lose its designation if that information is subsequently filed with the Court by any designating party, non-designating party or a third party, whether that submission is made by written motion, pleading, memorandum or any other submission to the court, including, without limitation, any demonstratives, attachments, transcript, appendices, and/or exhibits submitted to the Court.

B.     If a designating party, non-designating party or a third party intends to file with the Court any transcripts, depositions, exhibits, answers to interrogatories, and other information previously designated CONFIDENTIAL under this Protective Order, such filing must be in accordance with LCvR 5.1(h), meaning that the party must file an accompanying motion for leave to file under seal.  Following this procedure does not preclude the filing party from challenging the designation of any information filed pursuant to this procedure as CONFIDENTIAL under the procedure outlined in Section IV.

## VII.   Use of Confidential Information in Open Court

A.      CONFIDENTIAL INFORMATION does not lose its designation as such if that information is subsequently offered during hearings, at trials, or otherwise in open court by any party or a third party, whether elicited or presented through argument and/or objections in open court, statements to the jury, direct examination, cross-examination and/or redirect examination, or through any demonstratives, attachments, transcripts appendices, and/or exhibits offered in open court.

B.      The use of CONFIDENTIAL INFORMATION during hearings, at the trial, or otherwise in open court shall be subject to such protection as the Court shall determine. Nothing in this Protective Order shall be deemed a waiver of any right to object on any ground to the admission in evidence of any CONFIDENTIAL INFORMATION. A party that intends to introduce its own CONFIDENTIAL INFORMATION at a hearing or trial shall be responsible for taking appropriate measures with the Court to maintain its confidentiality. If a party intends to introduce an opponent's CONFIDENTIAL INFORMATION, it shall notify the opponent in writing before it intends to introduce the opponent's CONFIDENTIAL INFORMATION. If the opponent desires to maintain the confidentiality of its material, it shall be responsible for taking appropriate measures to maintain its confidentiality.

## VIII.   Exclusion of Public Domain Information

A.      Nothing in this Protective Order shall preclude any party to the lawsuit, their attorneys or any other person from disclosing or using, in any manner or for any purpose, any information in the public domain, if such information is lawfully obtained from another source, such as a third party having the right to disclose such information.

## IX.   Non-Waiver of Privileges and Objections

A.      Nothing in this Protective Order shall be construed to require the production of CONFIDENTIAL INFORMATION privileged or otherwise protected from disclosure (Protected Material). The entry of this Protective Order shall not constitute a waiver by any party of any objection to the disclosure or production of any information or material during discovery.

B.      Nothing in this Protective Order shall be construed to mean that the production of CONFIDENTIAL INFORMATION (in whole or in part) constitutes either: (i) an admission by any party that the produced information is relevant, authentic, or properly produced, or (ii) a waiver of any right properly to withhold from production any other document.

C.      Nothing in this Protective Order shall prevent any person from asserting the attorney-client privilege, the work-product doctrine, or any privilege or immunity as to any discovery, including any discovery that may have been inadvertently produced.

D.      The production or disclosure of an attorney-client privileged, attorney work product, or other protected document or information medium (Protected Material) shall not be deemed a waiver of the privilege, work product, or other protection or immunity from discovery by the producing party in this or any subsequent state or federal proceeding under Federal Rule of Evidence 502, regardless of the circumstances of disclosure. If any party learns of the production or disclosure of Protected Material by any other party, that party shall provide written notice of such production or disclosure within three days. Upon such notice, the receiving party shall immediately return or destroy the Protected Material.  Nothing shall be construed to prevent the party returning the disclosed Protected Material from seeking production of any documents under the Federal Rules of Civil Procedure.

## X.     **Miscellaneous**

A.      Nothing in this Protective Order shall be construed as limiting or otherwise restricting a party's use of its own CONFIDENTIAL INFORMATION for any purpose or as requiring District employees to sign an acknowledgement prior to obtaining such information.

B.      This Protective Order shall survive the final termination of this litigation and shall continue to apply to all CONFIDENTIAL INFORMATION that has not properly become a matter of public record. Following final termination of this litigation, this Court shall retain jurisdiction over the parties and all persons who received access to CONFIDENTIAL INFORMATION under the terms of this Protective Order.

C.      This Protective Order shall be binding upon the parties, upon their attorneys, and upon the parties and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, officers, directors, employees, agents, and independent contractors, and other persons or organizations over which they have control.

D.      Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to the attorney's party-client regarding this action, and in the representation, relying upon an examination of CONFIDENTIAL INFORMATION; provided, however, that in rendering such advice and in otherwise communicating with the party-client, the attorney shall not disclose the proprietary substance of any CONFIDENTIAL INFORMATION nor the source of any CONFIDENTIAL INFORMATION to anyone not authorized to receive such documents, things, materials or information under the terms of this Protective Order.

E.      Within thirty days after the final termination of this action and all of the Other Cases, including all appeals, and unless otherwise required by law, the attorneys for each party shall assemble and return to the opposing party all CONFIDENTIAL INFORMATION produced by the opposing party or shall destroy all copies which respective parties have in their possession, custody, or control. The attorneys for the parties may retain all pleadings and litigation documents, including exhibits and their own memoranda, containing CONFIDENTIAL INFORMATION but such litigation documents and memoranda shall be used only to preserve a file on this action and the Other Cases, and shall not without the written permission of the opposing party or an Order of this Court, be disclosed to anyone other than the outside attorneys to whom such information was disclosed, under this Protective Order during this action.

F.      In the event that a party seeks discovery from a third party to this action, that third party may invoke the terms of this Protective Order in writing to all parties to this suit and produce any such discovery in accordance with, and subject to the terms of this Order.

THE HONORABLE AMY BERMAN JACKSON
Judge, United States District Court
for the District of Columbia

Dated: February 21, 2020

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CARLTON HARRIS,

     *Plaintiff,*

v.

DISTRICT OF COLUMBIA,

     *Defendant.*

Civil Action No. 1:18-cv-2390-ABJ

## <u>ACKNOWLEDGEMENT OF CONFIDENTIALITY</u>

     I understand that confidential documents, testimony, and information may be revealed to me for purposes of the above-captioned lawsuit. I have been advised that, by agreement among the parties, as ordered by the Court, such documents, testimony, and information may not be used for any purposes other than the prosecution or defense of this lawsuit.

     I certify that I have read the Protective Order. I agree to maintain the confidentiality of any documents, testimony, and information provided to me and to abide by the terms of the Protective Order.

     I have been advised that any unauthorized use or disclosure by me of any confidential documents, testimony, and information will be treated as a breach of the Protective Order and I may be liable for damages and subject to sanctions.

     I agree to subject myself to the jurisdiction of the Court for enforcement of the Agreement.

Dated: _____

_____
PRINT NAME

_____
SIGNATURE

1