UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARLTON HARRIS,<br><br>Plaintiff,<br><br>v.<br><br>GOVERNMENT OF THE DISTRICT OF COLUMBIA,<br><br>Defendant. | Civil Action No.: 18-2390 (ABJ) |

### PLAINTIFF'S CONSENT MOTION TO MODIFY THE SCHEDULING ORDER

Plaintiff hereby moves this Court to amend the Scheduling Order [19] pursuant to Fed. R. Civ. P. 16(b)(4) and Local Rule 16.4(b). None of the deadline in the current Scheduling Order has yet expired. The current deadline for the Close of Fact Discovery set forth in the Scheduling Order is March 27, 2020.

Mr. Harris also moves the Court to bifurcate discovery and summary judgment motions on the "predicate constitutional violation" prong of his Monell claims and his common law claim from discovery and summary judgment on the municipal prong of his <u>Monell</u> claim, as described below.

### Consent Sought and Obtained

Defendant does consent to the modifications proposed herein.

### Mr. Harris's statement of the case

This is an over detention case. Mr. Harris sues the Government of the District of Columbia under Section 1983 and under the District of Columbia common law because, Mr.

Harris contends, the District's Department of Corrections held him about 75 days after his Release Date, that is, the date on which he was entitled to release after serving his sentences at the DC Jail.[1]

## Plaintiff's Proposed Discovery Plan - bifurcation

To avoid spending the Court's and the parties' resources on potentially unnecessary discovery on his Monell claims, Mr. Harris proposes that the Court bifurcate discovery and summary judgment motions into two phases between [Phase I] the predicate constitutional violation (whether Mr. Harris was over-detained) and [Phase II] the Monell claim (whether a custom or practice of over-detentions caused Mr. Harris's over-detention). [2]

To prove a claim of false imprisonment, a plaintiff must demonstrate that (1) the detention or restraint is against one's will within boundaries fixed by the defendant, and (2) the restraint is unlawful. Smith v. District of Columbia, 306 F. Supp. 3d 223, 260 (D.D.C. 2018); see Jones v. District of Columbia, 2019 U.S. Dist. LEXIS 126964, *14 (D.D.C. 2019) (one way to commit false imprisonment is through a "refusal to release;" Restatement (Second) of Torts § 45). Detention is presumed to be unlawful once a plaintiff alleges that he was imprisoned without process. Smith, 306 F. Supp. 3d at 260.

Mr. Harris proposes that the parties in the first phase [Phase I] focus discovery on the predicate constitutional violation and Mr. Harris's common law false imprisonment claim on such issues as obtaining (1) Mr. Harris's institutional file; (2) documents relating to his commitment to the DC Jail, especially whether the USMS called for Mr. Harris the day after they committed Mr.

---

[1] Mr. Harris timely filed a 12-309 notice and he filed his complaint within the one year statute of limitations. The District adds that it has not conceded these points.

[2] To establish a Monell claim plaintiff must establish both: (1) a predicate constitutional violation; and (2) the municipality's policy was the moving force behind the predicate constitutional violation. See Baker v. District of Columbia, 326 F.3d 1302, 1306 (D.C. Cir. 2003) citing Collins v. City of Harker Heights, 503 U.S. 115, 124 (1992).

Harris to the DC Jail on a "in-transit" warrant and were told that he was being held on local charges; (3) limited ESI discovery into the TMS system transactions regarding Mr. Harris[3] and JACCS entries relating to Mr. Harris's commitment and transmission of his commitment orders, and the cases he was held on, if needed;. During Phase I discovery, Plaintiff will not seek information about current or former inmates at the D.C. Jail other than Mr. Harris.

At the conclusion of Phase I, the parties will assess whether they can resolve the case by settlement or either party can file a motion for partial summary judgment on the predicate constitutional violation under § 1983 and on his common law false imprisonment claim.[4] <u>Jones v. District of Columbia</u>, 2019 U.S. Dist. LEXIS 126964, *13-19 (D.D.C. 2019)(plaintiff states a claim for common law false imprisonment in DC Jail merely by alleging that he was held past his release date without needing to allege a new "seizure").

After Phase I the parties can revisit settlement or proceed to <u>Monell</u> discovery and expert discovery according to a plan to be proposed at that time.

**Plaintiffs' proposed revised discovery schedule:**

Fed. R. Civ. P. 42(b) gives a District Court authority to bifurcate issues in an action. In order to avoid spending a "king's ransom…on discovery that may never be used," this Court could

---

[3] The "TMS system" is a transactional database intended to record if and when court orders issued by Superior Court judges were received by the DOC staff in the "satellite" Records Office in the Superior Court. JACCS is the DOC's inmate database management system.

[4] Rule 56(a) explicitly provides that a party "may move for summary judgment identifying … the *part* of each claim or defense … on which summary judgment is sought." 11 Moore's Federal Practice - Civil § 56.122 (2019) (quoting Fed. R. Civ. P. 56(a) (emphasis added)). This language was added to the rule in 2010 to make clear that summary judgment may be requested not only as to an entire case, or as to a complete claim or defense, but also as to parts of claims or defenses. Fed. R. Civ. P. 56, advisory committee note of 2010 ("The first sentence [of subdivision (a)] is added to make clear at the beginning that summary judgment may be requested … as to … part of a claim or defense.").

limit or bifurcate initial discovery if necessary and feasible. *See* Smith v. Wash. Post Co., 962 F. Supp. 2d 79, 91 (D.D.C. 2013) *citing* In re Rail Freight Fuel Surcharge Antitrust Litig., 258 F.R.D. 167, 176 (D.D.C. 2009) (bifurcating class discovery from merits discovery); Novopharm Ltd. v. Torpharm, Inc., 181 F.R.D. 308, 310 (E.D.N.C. 1998) (court stayed discovery as to damages and willfulness after severing those issues from trial of liability issues in patent infringement action).

Discovery has been limited in the case to date because the parties have been negotiating a Protective Order to cover this case and three other over detention cases pending in this Court.

A party may move to extend discovery under Rule 16(b), and Local Rule 16.4(b) allows the Court to modify a scheduling order at any time when it finds good cause to do so. *See* LCvR 16.4(b) ("The court may modify the scheduling order at any time upon a showing of good cause."). The primary factor in determining whether good cause exists is the diligence of the party seeking discovery before the deadline. United States v. Kellogg Brown & Root Servs., Inc., 285 F.R.D. 133, 136 (D.D.C. 2012).

Both parties have been diligent in managing discovery.

Therefore Plaintiff respectfully moves the Court – with the consent of the District – to enter the following revised Scheduling Order covering the first phase of the case.

| Event | Deadline |
|---|---|
| Phase I fact discovery completion | June 25, 2020 |
| Joint status report regarding further proceedings (mediation or a partial summary judgment briefing schedule) | July 27, 2020 |

### Relief Sought

Therefore, Plaintiffs respectfully ask the Court to enter the following modifications to the Scheduling Order:

- ➢ Bifurcate discovery as outlined above; and

- ➢ Enter the attached revised Scheduling Order.

Respectfully submitted,

<u>/s/ William Claiborne</u>
**WILLIAM CLAIBORNE**
D.C. Bar # 446579

Counsel for Plaintiff

717 D Street, N.W.
#300
Washington, DC 20004
Phone 202/824-0700
Email clairbornelaw@gmail.com